Filed 5/28/14  P. v. Mercado CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B250153 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA396893) |
| v. | |
| DAVID MERCADO, | |
| Defendant and Appellant. | |

THE COURT:\*

Defendant and appellant David Mercado (defendant) appeals from a judgment of convictions of possession and transmitting child pornography.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On March 14, 2014, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

---

\*     ASHMANN-GERST, Acting P. J., CHAVEZ, J., FERNS, J.†

†     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Count 1 of the information alleged that between January 11, 2011 and April 1, 2012, defendant violated Penal Code section 311.11, subdivision (a), possession of matter depicting a minor engaging in sexual conduct, in that he knowingly possessed child pornography located on Skydrive, an internet cloud system. Count 2 alleged that during the same period defendant sent or brought into the state obscene matter for sale in violation of Penal Code section 311.1, subdivision (a).

The evidence at trial showed that in 2011, defendant's internet providers alerted the National Center of Missing and Exploited Children (NCMEC) of the possible use of his computer to download child pornography. After the NCMEC alerted the Los Angeles Police Department's task force on Internet Crimes Against Children, the task force obtained warrants which produced evidence from defendant's internet accounts, the hard drive of his laptop computer, and his home. In addition to pornographic photographs of children, investigators found emails in which defendant described child pornography and offered to trade such materials with a correspondent.

The jury convicted defendant of both counts. On June 10, 2013, the trial court placed defendant on felony probation for four years, conditioned upon 365 days in jail and other terms. Defendant was given 86 days of total presentence custody credit. The trial court also ordered defendant to pay mandatory fines and fees, register as a sex offender, and to undergo treatment as ordered by the probation department.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.